IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **SE PROPERTY HOLDINGS, LLC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | MISC. ACTION NO. 16-0007-KD |
| | ) | |
| **CARL RICHARD OLSON,** *et al*, | ) | |
| | ) | |
| **Defendants.** | ) | |

### ORDER

This action is before the Court on the motion to enter judgment filed by Plaintiff SE Property Holdings, LLC (doc. 2), the objection and memorandum in support filed by Defendants Carl Richard Olson and Elaine Olson (docs. 4, 6), the objection and memorandum in support filed by Defendants Rupert Phillips and Sandra Phillips (doc. 7, 11), and Seph's reply (doc. 12). [1]

Seph moves the Court to enter a money judgment against the Olsons and the Phillips based upon a Declaratory Judgment entered by the Northern District of Florida, which Seph has registered in this Court (docs. 1, 2).  The Declaratory Judgment makes three specific declarations as between HCB Financial Inc. and Seph, the parties to the Judgment.  Among those, is a declaration that Seph "is entitled to engage in its own collection efforts" to collect on deficiency judgment entered by the Circuit Court of Walton County, Florida.  The Olsons and Phillips were guarantors on the underlying loan that gave rise to the deficiency judgment.

Federal law provides for the "registration of judgments for enforcement in other districts" and the statute sets forth, in relevant part, as follows:

A judgment in an action for the recovery of money or property entered in any . . .

---

[1] The Olsons' motion for leave to file a sur-reply (doc. 13) is MOOT.

> district court, . . . may be registered by filing a certified copy of the judgment in any other district . . . when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown. . . .  A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.

28 U.S.C. § 1983.

Thus, a judgment to recover money may be registered in this district and have the same effect as any other judgment entered here.  However, the Declaratory Judgment was not a "judgment in an action for the recovery of money." *Id*.  Instead, Seph sought a declaration of rights under certain agreements between Seph and HCB or their predecessors in interest, as to Seph's entitlement to collect on the deficiency judgment entered by the state court.  Registering the Declaratory Judgment in this Court does not change its character or purpose. It does not become a "judgment … for the recovery of money" because of Seph's registration under the statute.  Accordingly, Seph's motion to enter judgment is DENIED.

**DONE** and **ORDERED** this 20th day of July 2016.

 s / Kristi K DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**